UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                        :

EDWIN M. FORTUNATO TAPIA, *by next* :
*friend* YAGELVIS MORONTA, :
                                        :

                             Petitioner,   :                      26-CV-2527
                                            :

             -against-           :      **ORDER FOR APPEARANCE OF**
                                          :          **PRO BONO COUNSEL**

ORANGE COUNTY CORRECTIONS,   :
                                          :

                            Respondent.  :
                                          :
-------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

On March 27, 2026, Petitioner Edwin M. Fortunato Tapia, through next friend Yagelvis Moronta, filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, while Petitioner was present in the Southern District of New York.  (Doc. 1.)

## DISCUSSION

The Court finds that the appointment of *pro bono* counsel is appropriate in this case.  In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986), which include:  "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex."  *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner.  In particular, the facts of Petitioner's detention present complex legal questions. Moreover, Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his petition.  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]"  *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another.  In either instance, Petitioner should be prepared to proceed with the case *pro se*.  If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Although Petitioner's next friend, Yagelvis Moronta completed the Consent to Electronic Service form, (Doc. 3), Ms. Moronta indicated that she did not have access to ECF during an initial telephonic conference on March 31, 2026. Thus, I respectfully direct the Clerk of Court to e-mail a copy of this order to Petitioner's next friend, Yagelvis Moronta, at yagemoronta14@gmail.com.[1]

SO ORDERED.

Dated:     April 8, 2026
           New York, New York

Vernon S. Broderick
United States District Judge

---

[1] For more information about consenting to electronic service, please review the Court's Instructions at https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf. Because Ms. Moronta consented to receive documents by electronic service, (Doc. 3), she will no longer receive court documents by regular mail.